**Gladstone FORD, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE, United States of America, Ocwen Federal Bank, FSB & Dime Savings Bank of New York, Defendants–Appellees.**

**Docket No. 02–6022.**

United States Court of Appeals, Second Circuit.

Nov. 8, 2002.

Gladstone Ford, pro se, Brooklyn, NY, for Appellant.

Thomas J. Clark, Esq., United States Department of Justice, Tax Division, Washington, D.C., for United States of America and United States Department of Treasury Internal Revenue Service (Eileen J. O'Connor, Assistant Attorney General, and Robert J. Branman, on brief), for Appellees.

Andrew S. Fisher, Esq., Fisher & Fisher, New York, NY, for Ocwen Federal Bank, FSB.

Michael P. Versichelli, Esq., Rivkin Radler LLP, Uniondale, NY, for Dime Savings Bank of New York, FSB.

Present CARDAMONE, MINER and KATZMANN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Gladstone Ford, *pro se* and *in forma pauperis,* appeals from the district court's dismissal, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of his complaint for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

On an appeal from a dismissal for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), we review the district court's factual findings for clear error and its legal conclusions *de novo. See Luckett v. Bure,* 290 F.3d 493, 496 (2d Cir.2002).

The teachings of *Rooker–Feldman* and its progeny require this Court to affirm the district court's dismissal of Ford's action against Dime and Ocwen. Ford's claims regarding the alleged fraud and the statute of limitations with respect to the foreclosure judgment are inextricably intertwined with the state court's underlying foreclosure judgment. *See Phifer v. City of New York,* 289 F.3d 49, 55 (2d Cir. 2002). In essence, Ford seeks a declaration that the foreclosure judgment is void, thereby requiring reversal of the state court foreclosure judgment. Ford has availed himself of all avenues of relief in state court, with the state court ruling against him in every instance. Ford now seeks relief from the state courts' decisions, and, as a result, is barred by *Rooker–Feldman.* The district court, therefore, properly dismissed the action against Dime and Ocwen.

Ford raises several additional arguments on appeal which we have considered, and find to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.